IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


ROBERTA HOLLIE,

    Plaintiff,

v.                                          CASE NO. 4:09cv266-RH/WCS

GOODWILL INDUSTRIES-
BIG BEND, INC.,

    Defendant.

_____/


**ORDER GRANTING SUMMARY JUDGMENT
FOR DEFENDANT ON STATE CLAIMS**

    This is an employment-discrimination case. The plaintiff alleges she complained of sexual harassment and was fired in retaliation. She asserts retaliation claims under both Title VII and the Florida Civil Rights Act. The defendant has moved for summary judgment on the Florida claim. The plaintiff agrees that summary judgment is appropriate. I grant the motion.

    The plaintiff Roberta Hollie was an employee of the defendant Goodwill Industries-Big Bend, Inc. On June 30, 2008, Ms. Hollie filed a charge with the Florida Commission on Human Relations, alleging that she had reported a charge

of sexual harassment and was later terminated on pretextual grounds. On December 19, 2008, the Commission issued a notice of determination, concluding that there was no reasonable cause to believe an unlawful employment practice occurred. The December 19 notice indicated that a petition for relief must be filed within 35 days or the claim would be barred. On January 27, 2009, the Commission issued a notice of dismissal because no petition for relief had been filed. Ms. Hollie filed this lawsuit in state court on July 1, 2009. Goodwill removed the case to this court.

Under Florida's statutory scheme, a civil action may be brought if the Commission determines that there is reasonable cause to believe that a discriminatory practice has occurred, *see* Fla. Stat. § 760.11(4)(a) (2009), or fails to make a determination within 180 days of the filing of a charge, *see id.* § 760.11(8). If the Commission issues a determination of no reasonable cause to believe that a violation occurred, the aggrieved party may request an administrative hearing to challenge the finding. *Id.* § 760.11(7). The hearing must be requested within 35 days, and a failure to do so will forever bar the claim. *See id.*; *Hawthorne v. Baptist Hosp., Inc.*, No. 3:08cv154/MCR/MD, 2008 WL 5076991, at *5 & n.2 (N.D. Fla. Nov. 24, 2008); *Vandesande v. Miami-Dade County*, 431 F. Supp. 2d 1245, 1252 (S.D. Fla. 2006). Ms. Hollie does not dispute that she failed to request an administrative hearing within 35 days.

Goodwill seeks an award of attorney's fees and costs on this claim, citing § 760.11(5) of the Florida Statutes. In an action under the Florida Civil Rights Act, the court "may allow the prevailing party a reasonable attorney's fee as part of the costs." Fla. Stat. § 760.11(5) (2009). The statute requires that "this provision for attorney's fees be interpreted in a manner consistent with federal case law involving a Title VII action." *Id.* Under Title VII, the standard for a fee award to a prevailing defendant is set out in *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 98 S. Ct. 694, 54 L. Ed. 2d 648 (1978). The same standard applies to claims under the Florida Civil Rights Act. *See, e.g.*, *Jones v. United Space Alliance, L.L.C.*, 494 F.3d 1306, 1310 (11th Cir. 2007); *Anderson v. United Parcel Serv., Inc.*, No. 05-14134-CIV, 2007 WL 2412831, at *1 n.1 (S.D. Fla. Aug. 21, 2007); *Labati v. Univ. of Miami*, 16 So. 3d 886, 887 (Fla. 3d DCA 2009); *Yoder Bros., Inc. v. Weygant*, 973 So. 2d 625, 626-27 (Fla. 2d DCA 2008).

The dismissal of a state claim while a parallel federal claim remains pending does not render the defendant a prevailing party. Instead, prevailing-party status can be determined only after the federal claim is resolved. *See, e.g.*, *Farrar v. Hobby*, 506 U.S. 103, 111-12, 113 S. Ct. 566, 121 L. Ed. 2d 494 (1992) (noting that a plaintiff prevails "when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff."); *see also Hensley v.*

*Eckerhart*, 461 U.S. 424, 434-35, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983) (indicating that the plaintiff is the prevailing party under 42 U.S.C. § 1988 if the plaintiff succeeds on any significant issue that achieves some of the benefit the plaintiff sought, even if the defendant succeeds on other contentions).

Moreover, even if Goodwill could be deemed the prevailing party by virtue of having prevailed on the state-law claim, I would not award attorney's fees. Under *Christiansburg*, an award of attorney's fees to a prevailing defendant is proper only if the plaintiff's claim was "frivolous, unreasonable, or groundless," or "the plaintiff continued to litigate after it clearly became so." *Christiansburg*, 434 U.S. at 422. While the 35-day window was raised within the plaintiff's answer (document 7 ¶ 5), the exhaustion defense was fully developed only in the motion for summary judgment. Ms. Hollie quickly conceded the point. There is currently no indication that the underlying claim is meritless. The *Christiansburg* standard has not been met. *Cf. Temple v. Am. Airlines, Inc.*, 48 F. App'x 480, 2002 WL 31049426, at *2-3 (5th Cir. 2002).

For these reasons,

IT IS ORDERED:

The defendant's motion for partial summary judgment (document 20) is GRANTED. The plaintiff's claims under the Florida Civil Rights Act are dismissed with prejudice. The defendant's request for attorney's fees is DENIED.

I do *not* direct the entry of judgment under Federal Rule of Civil Procedure 54(b).

    SO ORDERED on October 23, 2009.

                                        <u>s/Robert L. Hinkle</u>
                                        United States District Judge